IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAREEF H. SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:19cv00643 |
| | ) |
| LYNCHBURG ADULT DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

Defendants Officer Hartman (a/k/a Officer Navarone A. Hartman), Major Enochs (a/k/a Major William Enochs), Tim Trent, and Officer Dickinson (a/k/a Thomas Dickinson), by counsel, respectfully submit this memorandum in support of their Rule 12(b)(6) motion to dismiss.

BACKGROUND AND STATEMENT OF THE CASE

Plaintiff Shareef H. Shelton is a Virginia inmate proceeding *pro se*. This 42 U.S.C. § 1983 action arises from Shelton's confinement at the Lynchburg Adult Detention Center ("LADC"), a facility operated by the Blue Ridge Regional Jail Authority ("BRRJA"). The Defendants are BRRJA officers. On April 24, 2018, Shelton asked Officer Hartman about his limited recreation time. Shelton alleges Officer Hartman responded with sexually-charged verbal harassment. (Am. Compl. p. 3.) Shelton claims he called a Prison Rape Elimination Act ("PREA") hotline to report Officer Hartman's behavior. In retaliation for the call, Shelton alleges Major Enochs "threatened to have [Shelton] criminally charged and stated [Shelton] would face severe consequences." Shelton asserts Eighth Amendment and PREA claims against

1

Officer Hartman for his alleged statements. (*Id*. at pp. 2-3, 5.) He also asserts a retaliation claim against Major Enochs. (*Id.* at 2-3, 5.)

Shelton further alleges that on January 4, 2018, Officer Dickinson ordered him to take a medication that was not his, which caused him to "seize up." Shelton claims he was not on any prescriptions from the BRRJA medical staff. After a reaction to the medicine, Shelton claims he was "placed in a cell with no bunk . . . and forced to sleep on the floor for 6 days until [he saw] a doctor." (*Id.* at 3-4.) Shelton asserts an Eighth Amendment claim against Officer Dickinson for "causing a negligent reaction to the health of [Shelton's] well being." (*Id.* at 7.)

The Defendants move to dismiss the Amended Complaint in its entirety. Shelton failed to state a viable claim against any of the Defendants.

**I.     Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to (the complaint's) legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). The Supreme Court requires that a plaintiff provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Shelton failed to state a claim against Officer Hartman for verbal harassment.

The Eighth Amendment claim against Officer Hartman for alleged verbal "harassment" and "verbal threats" (Compl. p. 3) is insufficient as a matter of law. Mere words are insufficient to state a constitutional claim. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983); *Johnson v. Winker*, 2011 U.S. Dist. LEXIS 143454, at *4-6 (D.S.C. Oct. 21, 2011) ("a constitutional claim based on verbal harassment or threats will fail, whether it is asserted under the Fifth Amendment, Eighth Amendment or Fourteenth Amendment") (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)); *Miller v. Jack*, 2007 U.S. Dist. LEXIS 50685, at *16 (N.D.W. Va. July 12, 2007) ("verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983"), *affirmed*, 2008 U.S. App. LEXIS 1371 (4th Cir. Jan. 24, 2008). Shelton's allegations against Officer Hartman also fail to state a claim under the PREA. This Court has repeatedly held there is no private right of action under § 1983 to enforce a PREA violation. *Cooper v. Duncan*, 2017 U.S. Dist. LEXIS 79035, at

3

\*6 (W.D. Va. May 23, 2017); *Chapman v. Willis*, 2013 U.S. Dist. LEXIS 74694, at \*12 (W.D. Va. May 28, 2013) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act. . . . The statute does not grant prisoners any specific rights. Thus, Plaintiff fails to state a § 1983 claim based on an alleged violation of the PREA.") (internal citations omitted). Shelton's Eighth Amendment and PREA claims against Officer Hartman fail as a matter of law.

### III. Shelton failed to state a claim for retaliation against Major Enochs.

Shelton alleges Major Enochs retaliated against him by threatening "severe consequences" and criminal charges for Shelton's PREA complaint. As discussed, there is no private right of action under the PREA. *E.g.*, *Cooper*, 2017 U.S. Dist. LEXIS at \*6. Accordingly, to the extent Shelton asserts a retaliation claim under the PREA, it must be dismissed.

At least one trial court within the Fourth Circuit has held that inmates have a First Amendment right to be free from retaliation for filing a PREA complaint. *Fletcher v. Foxwell*, 2019 U.S. Dist. LEXIS 185639, at \*12 (D. Md. Oct. 25, 2019). To state a claim of retaliation for exercising First Amendment rights, Shelton must establish (1) he engaged in protected First Amendment activity; (2) Major Enochs took some action that adversely affected his First Amendment rights; and (3) there was a causal relationship between the protected activity and Major Enochs' conduct.

Here, Shelton's complaint is insufficient to show that his free speech rights were adversely affected. As noted above, verbal threats are insufficient to state a constitutional claim, and thus Shelton's retaliation claim, based only on verbal threats, is insufficient. *Henslee*, 153 F. App'x at 180; *Armstead v. Braxton*, 2006 U.S. Dist. LEXIS 20570, at \*8 (W.D. Va. Apr. 18,

4

2006) ("verbal abuse and harassment by guards, without more, does not state a constitutional claim"). Defendants are unaware of any controlling authority that would alter that rule for First Amendment retaliation claims.

A limited number of courts in other Circuits have examined whether verbal threats alone can constitute retaliatory action under the First Amendment. There is no consensus among these courts. The Third Circuit, for example, has expressly held "threats alone do not constitute retaliation." *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. Dec. 23, 2009). Likewise, the Second Circuit held that threats made by a correctional officer, without any allegation that the officer followed through on the threats, "did not constitute adverse action." *Hill v. Chalanor*, 128 F. App'x 187, 189 (2d Cir. 2005). Some trial courts, however, have held that verbal harassment can be sufficient to constitute adverse action, but only if the statements "would deter a similarly situated individual of ordinary firmness of exercising constitutional rights." *E.g.*, *Hayes v. Dahkle*, 2017 U.S. Dist. LEXIS 180424, at *22 (N.D.N.Y. Oct. 27, 2017), *adopted by*, 2018 U.S. Dist. LEXIS 8462 (N.D.N.Y. Jan. 19, 2018). Whether threats would deter a person of ordinary firmness from exercising his rights depends on the specificity of the threats and the context in which they are uttered. *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010). "The less direct and specific a threat, the less likely it will deter an inmate from exercising his First Amendment rights." *Id.*

In the instant case, Major Enochs' alleged threats were (1) that Shelton would be criminally charged; and (2) that Shelton would face severe consequences. Even if verbal threats could be sufficient for a claim, these threats are non-specific and devoid of context. The general threat of "criminal charges," without more, would not deter a person of ordinary firmness from exercising his rights under the PREA. There is no criminal charge that could plausibly result

5

from filing a PREA claim. Likewise, the threat of "severe consequences" lacks the required specificity. Courts analyzing similar threats have found them insufficient to show adverse action under the First Amendment. *See Alicea v. Howell*, 387 F. Supp. 2d 227, 237 (W.D.N.Y. 2005) (threats to plaintiff about there being "no secrets in prison" and that plaintiff would "have to pay the consequences" for filing a grievance were insufficient); *Bartley v. Collins*, 2006 U.S. Dist. LEXIS 28285, at *6 (S.D.N.Y. May 10, 2006) (an officer's threat "we going to get you, you better drop the suit" held insufficient). Even more egregious threats did not meet the constitutional threshold. *See Kemp v. LeClaire*, 2007 U.S. Dist. LEXIS 21342, at *15 (W.D.N.Y. Mar. 12, 2007) (threats like "your day is coming," "you'll be sent to your mother in a black box," and "you'll get your black ass kicked" were insufficient to amount to adverse actions). As such, the complaint is insufficient to state a First Amendment retaliation claim.

Even assuming, *arguendo*, that Shelton did state a claim, Major Enochs is entitled to qualified immunity. Qualified immunity bars claims against government officials performing discretionary functions whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *S.P. v. City of Takoma Park*, 134 F.3d 260, 265 (4th Cir. 1998) (quoting Harlow *v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Public employees performing discretionary functions are entitled to qualified immunity if their actions are objectively reasonable. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Sevigny v. Dicksey*, 846 F.2d 953, 956 (4th Cir. 1988). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). To determine qualified immunity, the Court performs a two-prong inquiry. The Court decides whether the facts, in a light most favorable to the plaintiff, show a constitutional violation. If they do, then the Court

determines whether the right was clearly established at the time. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court has discretion to determine the second prong without reaching a decision on the first prong. *Id.* at 242. Ultimately, the test of qualified immunity is one of "objective legal reasonableness"—whether an official acting under the circumstances at issue could have reasonably believed his actions did not violate the constitutional rights asserted. *Sevigny*, 846 F.2d at 956.

Major Enochs is unaware of any case from the Fourth Circuit or Supreme Court determining whether verbal threats were sufficient to constitute adverse action for a First Amendment retaliation claim. *See Hill v. Crum*, 727 F.3d 312, 322 (4th Cir. 2013) ("[I]t is case law from this Circuit and the Supreme Court that provide notice of whether a right is clearly established") (quotations and citations omitted); *see also Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992) (finding that the proper focus in determining whether a right is clearly established is on its application to the specific conduct being challenged rather than the right in the abstract). In other words, it is a legal "gray area." *Maciariello*, 973 F.2d at 298. As such, taking Shelton's allegations as true, no reasonable officer would have known he violated Shelton's First Amendment rights. Therefore, Major Enochs is entitled to qualified immunity. Shelton's retaliation claim is insufficient as a matter of law.[1]

---

[1] To the extent Shelton attempted to assert a First Amendment retaliation claim against Officer Hartman for Hartman's alleged sexually-charged comments in response to Shelton's inquiry about his lack of recreation time, that claim fails for the same reason: Hartman has qualified immunity because it was not clearly established that verbal threats could form the basis for a constitutional claim. Furthermore, Shelton's speech—asking about his rec time—was not protected because it involved a matter of personal (as opposed to public) concern. *See Dawson v. Toler*, 2009 U.S. Dist. LEXIS 72119, at *4-5 (S.D. W. Va. Aug. 14, 2009) (finding that the scope of a prisoner's protected speech is the same as a governmental employee's, *i.e.*, the speech is protected if it involves public concern rather than private interests) (collecting cases).

## IV. Shelton failed to state an Eighth Amendment claim against Officer Dickinson.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts to establish deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To show deliberate indifference, a plaintiff must allege facts to demonstrate the defendant officers had actual knowledge of and disregarded a plaintiff's serious medical need. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). A plaintiff must also show the medical condition was sufficiently serious. Serious conditions threaten loss of life, or illness or injury that threaten permanent disability. *Sosebee v. Murphy*, 797 F.2d 179, 181 (4th Cir. 1986).

Although unclear, it seems Shelton alleges he suffered a seizure as a result of taking the medication administered by Officer Dickinson. (*See* Am. Compl. p. 3) ("The medicine caused me to seize up.") Assuming, *arguendo*, that he suffered an objectively serious medical condition, Shelton's Eighth Amendment claim fails because he did not allege facts to show deliberate indifference. Shelton alleges Officer Dickinson negligently administered the wrong medication. (Am. Compl. p. 7.) Negligent acts are insufficient to rise to a level of constitutional magnitude. *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). Moreover, the Amended Complaint is devoid of facts to show that Officer Dickinson knew he gave Shelton the wrong medicine. Accordingly, Shelton failed to state a claim for deliberate indifference. *See Skipper v. SWVRJ*, 2006 U.S. Dist. LEXIS 91107, at *4-5 (W.D. Va. Dec. 14, 2006) (finding that Skipper's Eighth Amendment claim failed because, *inter alia*, he alleged facts to show the officer administered the wrong medication but did not allege facts to show deliberate indifference); *Williams v. Sullivan*, 2012 U.S. Dist. LEXIS 122408, at *15-17 (E.D. Cal. Aug. 27, 2012)

(finding no Eighth Amendment violation because there was "no evidence that defendant intentionally or otherwise knowingly gave plaintiff the wrong medication or an improper dose of medication").

### V.     Shelton failed to state a claim with respect to sleeping on the cell floor for 6 days.

Shelton alleges that after he "seized up," he was placed in a holding cell and "forced to sleep on the floor for 6 days." (Am. Compl. pp. 3-4.) Like claims for inadequate medical care, claims related to conditions of confinement are governed by the Eighth Amendment. An inmate must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, *i.e.*, a deprivation causing serious physical or emotional injury; and (2) that the jail officer was deliberately indifferent to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As discussed, establishing deliberate indifference requires demonstrating that the officer knew of a substantial risk of harm and disregarded it. *Id.* at 837.

Here, Shelton's claim fails on both the objective and subjective elements. In *Gray v. V.B.C.C. Inmate Housing*, for example, inmate Gray was forced to sleep on the floor of his cell, near the toilet, because officers placed Gray in a 3-person cell with space for only 2 beds. While the court recognized the overcrowding issue and unsanitary conditions, it held that Gray was not subjected to a "substantial risk of serious harm," and specifically found that sleeping on the floor was not sufficiently serious to violate the Constitution. *Gray*, 2014 U.S. Dist. LEXIS 94025, at *8-10 (E.D. Va. July 9, 2014). Likewise, Shelton's claim that he slept on the floor is not sufficiently serious to state an Eighth Amendment violation. Furthermore, Shelton did not identify the officer that allegedly forced him to sleep on the floor, and thus failed to show that any of the Defendants were deliberately indifferent. *See Farmer*, 511 U.S. at 837; *see also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (finding that a plaintiff in a § 1983 action

9

must demonstrate the defendant officer had "personal knowledge of and involvement in the alleged deprivation").

## VI. Shelton failed to state a claim based on violations of internal policies.

In the Amended Complaint, Shelton claims some of the Defendants violated BRRJA policies. A correctional officer's breach of internal policy does not, on its own, give rise to a constitutional claim. The allegations must be judged under constitutional standards to determine the viability of a § 1983 claim. *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013). As discussed in the preceding sections, Shelton's allegations fail to show a violation of his constitutional rights. Accordingly, even if the Amended Complaint demonstrates breaches of BRRJA policy, the breaches are insufficient to state a claim under § 1983. Moreover, Shelton failed to link the alleged policy violations to any particular defendant, which is fatal to his claim. *See Wright*, 766 F.2d at 850 (discussed *supra*).

## VII. Shelton failed to state a claim against Tim Trent.

Tim Trent is mentioned only once in the Amended Complaint – in the caption of the case. Shelton did not allege facts to support any constitutional claim against Trent. He cannot be held liable merely by virtue of his supervisory status at the Jail. *Wright*, 766 F.2d at 850. Accordingly, the claim(s) against Tim Trent must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Officer Hartman (a/k/a Officer Navarone A. Hartman), Major Enochs (a/k/a Major William Enochs), Tim Trent, and Officer Dickinson (a/k/a Thomas Dickinson), by counsel, respectfully ask that the Court dismiss the Plaintiff's claims against them and dismiss the Amended Complaint with prejudice.

        OFFICER HARTMAN, MAJOR ENOCHS,
TIM TRENT, AND OFFICER DICKINSON

By /s/ Julian F. Harf
Julian F. Harf (VSB # 90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: julianh@guynnwaddell.com
*Attorney for Defendants Officer Hartman, Major Enochs, Tim Trent, and Officer Dickinson*

## CERTIFICATE OF SERVICE

      I do hereby certify that on this 6th day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I further certify that I have mailed by United States Postal Service the document to the following:

Shareef H. Shelton
#10615588
Bedford Adult Detention Center
1000 Broad St.
Bedford, VA 24523
*Plaintiff pro se*

/s/ Julian F. Harf
Julian F. Harf, Esq.
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: julianh@guynnwaddell.com
*Attorney for Defendants Officer Hartman, Major Enochs, Tim Trent, and Officer Dickinson*